Shelley G. Hurwitz (State Bar #217566)
HOLLAND & KNIGHT LLP
633 West Fifth Street, 21st Floor
Los Angeles, California 90071-2040
Telephone (213) 896-2400
Facsimile (213) 896-2450

Beth Schneider Naylor (admitted *pro hac vice*)
Douglas R. Dennis (admitted *pro hac vice)*
FROST BROWN TODD LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, Ohio 45202
Telephone: (513) 651-6727

Attorneys for Defendants BERNZOMATIC an unincorporated division of Irwin Industrial Tools, erroneously sued herein as Newell Operating Company dba Bernzomatic Corporation,

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

BRADLEY ENGLEBRICK and ROXANNE HERNANDEZ

Plaintiffs,

vs.

WORTHINGTON INDUSTRIES, INC.; NEWELL OPERATING COMPANY dba BERNZOMATIC CORPORATION; LOWE'S and DOES 1 through 100

Defendants.

Case No. SACV08-01296-CJC (MLGx)

**[~~PROPOSED~~] ORDER ON STIPULATED PROTECTIVE ORDER**

# ORDER

Plaintiffs BRADLEY ENGLEBRICK and ROXANNE HERNANDEZ (together "Plaintiffs"), and defendants WORTHINGTON INDUSTRIES, INC. ("Worthington"), and BERNZOMATIC an unincorporated division of Irwin Industrial Tool Company, erroneously sued herein as Newell Operating Company dba Bernzomatic Corporation ("Bernzomatic") by and through their respective counsel, hereby stipulate and agree to the request for, and entry of, the following Protective Order :

## 1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

## 2. DEFINITIONS

2.1 **Party**: any party to this action and any party-affiliated entity that may be subsequently added to this action, including all of its officers, directors, employees, and outside counsel (and their support staff).

2.2 **Disclosure or Discovery Material**: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 **"Confidential" Information or Items**: information, whether or not embodied in any physical medium, including all originals and copies of any documents and/or information, used by the Producing Party in or pertaining to its business, which

information the Producing Party reasonably and in good faith believes contains or concerns confidential, non-public, proprietary and/or sensitive information including, but not limited to, information regarding a party's finances, information regarding a party's customers, processes for handling consumer claims, products, services, research & development, manufacturing, purchasing, accounting, engineering, designing, distribution, financial data, technical information, product specifications, testing procedures, test criteria and results, personnel records and information, non-public submissions and communications with governmental agencies, proprietary or nonpublic commercial information, information involving privacy interests, and commercial and/or competitively sensitive information of a nonpublic nature, or received on a confidential basis. By way of example only, such information includes schematics, designs, models, drawings, memoranda, specifications, computer software, computer printouts, computer programs, development tools and processes, technical data and improvements. It also includes plans or proposals with regard to any of the foregoing whether implemented or not and any electronic data recorded, sent or retrieved by any means that contains any of the foregoing information.

2.4 **"Highly Confidential - Attorneys' Eyes Only" Information or Items**: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5 **Receiving Party**: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6 **Producing Party**: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7 **Designating Party**: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential - Attorneys' Eyes Only."

2.8 **Protected Material**: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential - Attorneys' Eyes Only."

2.9 **Outside Counsel**: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10 **House Counsel**: attorneys who are employees of a Party or who are employees of a parent of a Party and who are providing certain legal services to such Party.

2.11 **Counsel** (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12 **Expert**: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13 **Professional Vendors**: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**3. SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted in part, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

**4. DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs and then such confidentiality obligations shall cease to

remain in effect only as to that material subject to the Designating Party's written agreement or the court order.

**5. DESIGNATING PROTECTED MATERIAL**

5.1 **Exercise of Restraint and Care in Designating Material for Protection**. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify - so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

5.2 Mass, indiscriminate, or routine designations are prohibited. If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.3 **Manner and Timing of Designations**. Except as otherwise provided in this Order (see, e.g., section 5.3(b), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) **for information in documentary form** (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" at the bottom of each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the

margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY").

(b) **for testimony given in deposition or in other pretrial or trial proceedings**, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may designate the entire transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

(c) **for information produced in some form other than documentary, and for any other tangible items**, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential - Attorneys' Eyes Only."

5.4 **Inadvertent Failures to Designate**. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1 **Timing of Challenges**. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 **Meet and Confer**. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3 **Judicial Intervention**. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

**7. ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1 **Basic Principles**. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 **Disclosure of "CONFIDENTIAL" Information or Items**. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this action or additional counsel designated by the Receiving Party, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information or item for this litigation;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(f) witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgement and Agreement to be Bound" (Exhibit A).

(g) the author of the document, any person who had received it prior to this litigation (i.e., addressees), or the original source of the information or item to whom disclosure is reasonably necessary and who have signed the "Acknowledgement and Agreement to be Bound" (Exhibit A).

7.3 **Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items**. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of record in this action or additional counsel designated by the Receiving Party, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information or item for this litigation;

(b) House Counsel of a Receiving Party to whom disclosure is reasonably necessary for this litigation as well as support staff of said counsel to whom it is reasonably necessary to disclose the information or item for the litigation;

(c) Experts (as defined in this Order) to whom disclosure is reasonably necessary for this litigation, and who have signed the "Acknowledgement and Agreement to be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation; and

(f) the author of the document, any person who had received it prior to this litigation (i.e., addressees), or the original source of the information or item,

to whom disclosure is reasonably necessary and who have signed the "Acknowledgement and Agreement to be Bound" (Exhibit A).

**8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than seven court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court or from this court in another matter.

**9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve

all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**10. FILING PROTECTED MATERIAL**

Where any pleading or other document disclosing information subject to this stipulated Protective Order, which may be submitted to the Court, whether in the form of interrogatory answers, document production, deposition notices or transcripts, motions, affidavits, briefs or other documents, the Parties agree that these documents or pleadings shall be filed under seal. A Party that seeks to file under seal any Protected Material must comply with Federal Laws and Local Federal Rules.

**11. FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty-day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.

**12. MISCELLANEOUS**

12.1 **Right to Further Relief.** Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 **Right to Assert Other Objections.** By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 This Stipulated Protective Order does not apply to public records or records in the public domain.

12.4 A party to this Stipulated Protective Order may file a motion in limine to seek admission, or to prevent the admission, of evidence at trial. The motion in limine shall be heard by the Court under seal or under in-camera review.

**13. REVOCATION AND MODIFICATION**

This Stipulated Protective Order is subject to revocation and modification by Order of the Court upon written stipulation of the Parties, or upon motion and reasonable notice, including opportunity for hearing and presentation of evidence.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: August 11, 2009

BOWLES & VERNA LLP

/s Richard A. Ergo
RICHARD A. ERGO
Attorneys for Defendant
Worthington Industries, Inc.

Dated: August 11, 2009

HODES MILMAN, LLP

/s Jeffrey Milman
JEFFREY MILMAN
Attorneys for Plaintiffs

Dated: August 14, 2009

LAW OFFICES OF JOHN RAPILLO

/s John Rapillo

JOHN RAPILLO
Attorneys for Plaintiffs

Dated: August 19, 2009

HOLLAND & KNIGHT LLP

/s Shelley Hurwitz

SHELLEY G. HURWITZ
Attorneys for Bernzomatic

**IT IS SO ORDERED**.

Dated: August 19, 2009

MARC L. GOLDMAN
UNITED STATES MAGISTRATE JUDGE

EXHIBIT A

# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, [print or type full name]______________________________, of [print or type full address] ___________________________________________, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the U.S. District Court for the Central District of California on [date] ___________ in the case of *Englebrick v. Worthington Industries, Inc.*, Case No. 8:2008cv01296. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

Date: ________________________________

City and State where sworn and signed:

Printed name: ___________________________________

___________________________________
[printed name]

Signature:

___________________________________
[signature]

# 6230894_v1

# 8721435_v2