# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

O

| Case No. | SACV 08-01296-CJC (MLGx) | Date | October 22, 2009 |
|----------|--------------------------|------|------------------|
| Title | Bradley Englebrick & Roxanne Hernandez v. Worthington Industries, Inc., et al. | | |

| Present: The Honorable | Marc L. Goldman, Magistrate Judge |
|------------------------|-----------------------------------|

| Terri Steele | n/a |
|--------------|-----|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:**     In Chambers: Order Granting In Part and Denying In Part Defendants' Motion to Compel Responses to Deposition Questions

This matter is before the Court on Defendants' motion to compel Plaintiff Bradley Englebrick's responses to certain deposition questions. Argument on the motion was held on October 20, 2009. Supplemental letter briefs were filed on October 21, 2009, and the matter is ready for decision.

This is a product liability action arising from a fire at Plaintiffs' home on April 7, 2008. Plaintiffs claim that a gas cylinder and torch, negligently designed and manufactured by Defendants, fell to the floor of their bedroom and started the fire. Defendants claim Plaintiffs were using methamphetamine on the morning of the fire and caused the fire themselves. This dispute arose after Plaintiff Englebrick asserted his Fifth Amendment privilege against self incrimination in response to certain questions at his August 12, 2009 deposition. In particular, Plaintiff refused to answer specific questions about his alleged history of methamphetamine use, purchase, and possession as well as general questions about how methamphetamine is packaged and ingested. In addition, Mr. Englebrick refused to answer questions about three prior criminal convictions on the basis that they fell outside the scope of discovery.

## I.     Assertion of the Fifth Amendment

It is well established that an individual may assert the Fifth Amendment privilege against self incrimination in civil proceedings. *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973); *Doe v. Glanzer*, 232 F.3d 1258, 1263 (9th Cir. 2000); *S.E.C. v. Colello*, 139 F.3d 674, 677 (9th Cir. 1998). In civil cases, an individual may invoke the privilege if he reasonably believes his answers could be used in a criminal prosecution or lead to other evidence that could be used in a criminal prosecution. *U.S. v. Bodwell*, 66 F.3d 1000, 1001 (9th Cir. 1995) (citing *Kastigar v. U.S.*, 406 U.S. 441, 444-45 (1972)).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

O

## CIVIL MINUTES - GENERAL

| Case No. | SACV 08-01296-CJC (MLGx) | Date | October 22, 2009 |
|---|---|---|---|
| Title | Bradley Englebrick & Roxanne Hernandez v. Worthington Industries, Inc., et al. | | |

A valid assertion of the privilege does not require an imminent criminal prosecution or investigation: "[T]he right to assert one's privilege against self-incrimination does not depend upon the likelihood, but upon the possibility of prosecution." *In re Master Key Litigation*, 507 F.2d 292, 293 (9th Cir. 1974) (upholding assertion of privilege even though neither federal nor state government was "particularly interested" in commencing a criminal prosecution against the witness); *Glanzer*, 232 F.3d at 1263. A possibility of prosecution exists where the witness has not received a grant of immunity, the statute of limitations has not run, double jeopardy does not apply, and there are no other concrete indications that criminal prosecution is barred. *Id.*; *see also*, *Belmonte v. Lawson*, 750 F.Supp. 735, 739 (E.D. Va. 1990) ("[C]ourts should avoid engaging in crystal ball forecasts about what a prosecutor may or may not do. Instead, the focus should be on more reliable, traditional factors such as statutes of limitations, double jeopardy, and the grant of immunity.").

Mr. Englebrick invoked his privilege against self-incrimination in response to questions about his history of methamphetamine use leading up to and through the date of the accident giving rise to this litigation, (Joint Stip. at 8-10), as well as general questions about his knowledge of methamphetamine packaging and modes of ingestion, (Joint Stip. at 14). Because the disputed questions call for an admission of methamphetamine use or possession, Plaintiff's assertion of his Fifth Amendment privilege was proper to the extent prosecution based on these admissions is not barred by the statute of limitations. Defendants' argument that the Santa Ana Police Department "passed" on a criminal prosecution at the time of the accident giving rise to the cause of action is unpersuasive. The only reason given for the lack of criminal investigation at the time was the fact that it was "uncertain whether Mr. Englebrick would survive from his burn injuries." (Ergo Decl. ¶ 6.) Now that it is clear that Mr. Englebrick survived the accident, he has no assurance that an admission to methamphetamine possession will not lead to criminal prosecution. Moreover, because the general questions about knowledge of methamphetamine packaging and ingestion was nothing more than a back door attempt to elicit admissions of methamphetamine use, purchase, and/or possession, Defendant's motion to compel answers to those questions is also denied to the extent a criminal prosecution is not barred by the statute of limitations.

Mr. Englebrick also invoked his Fifth Amendment privilege when asked to identify every person from whom he purchased methamphetamine in the year leading up to the accident on April 7, 2008. (Joint Stip. at 16.) Defendants claim this question is relevant to their counterclaim under California's Drug Dealer Liability Act, Cal. Health & Safety Code §11700 *et seq*. Although Mr. Englebrick cannot invoke the Fifth Amendment on the alleged drug dealers' behalf, he may do so on behalf of himself. Identifying the person or persons who supplied him with methamphetamine involves an implicit admission that he purchased and possessed a controlled substance, which could lead to or further criminal prosecution.

The California statute of limitations for possession of methamphetamine is three years, and the federal statute of limitations is five years. *See* Cal. Penal Code § 801; Cal. Health & Safety Code §

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

O

### CIVIL MINUTES - GENERAL

| Case No. | SACV 08-01296-CJC (MLGx) | Date | October 22, 2009 |
|----------|--------------------------|------|------------------|

| Title | Bradley Englebrick & Roxanne Hernandez v. Worthington Industries, Inc., et al. |
|-------|-------------------------------------------------------------------------------|

11377(a); 18 U.S.C. § 3282. As such, Defendants' motion to compel Mr. Englebrick's testimony as to use, possession, general knowledge, and sources of methamphetamine between October 28, 2004 and October 28, 2009 (the date the deposition is set to resume), is DENIED. Defendants' motion to compel answers to questions about methamphetamine use and possession prior to October 28, 2004 is GRANTED.[1]

## II.    Prior Convictions

Defendants seek to compel answers to deposition questions about Plaintiff's three prior criminal convictions, arguing they will provide relevant substantive and impeachment evidence under §§ 404(b) and 609 of the Federal Rules of Evidence. (Joint Stip. at 18-19; Defs.' Letter Br. at 1-2.)  In particular, Defendants' seek to question Plaintiff about (1) a 2001 felony conviction for possession of methamphetamine, later withdrawn after successful completion of drug court treatment; (2) a related 2001 misdemeanor conviction for possession of a device used for smoking a controlled substance, later withdrawn after completion of drug court treatment; and (3) a 2005 misdemeanor conviction for entering a store with intent to commit larceny. Plaintiff argues these topics fall outside the scope of discovery because they will lead only to inadmissible character evidence.

Pursuant to FRE § 404(b) evidence of prior crimes may be used to demonstrate a witness' relevant knowledge. Defendants argue that the facts underlying Mr. Englebrick's 2001 felony and misdemeanor convictions involving methamphetamine are relevant to prove Mr. Englebrick had knowledge of what methamphetamine is and how it is ingested. Defendants point to Mr. Englebrick's deposition testimony that he does not know "what things one uses to take meth." (Huang Decl., Exh. H.) Because the facts underlying these prior convictions may rebut this assertion, they are relevant to a claim or defense and fall within the broad scope of discovery. Defendant's motion to compel Mr. Englebrick to describe the facts underlying his 2001 convictions is GRANTED.[2]

Under FRE § 609(a)(2), proof of a prior misdemeanor conviction is admissible only if the conviction involved proof or admission of an act of dishonesty or false statement by the witness. It is not readily determinable at this stage of proceedings whether or not Mr. Englebrick's 2005 misdemeanor burglary conviction will be admissible to impeach. *See e.g., State v. Schroeder*, 67 Wash. App. 110, 117-18 (Div. 2 1991) (inquiring into facts underlying prior burglary convictions in order to determine whether they involved act of dishonesty for purposes of Washington's version of § 609(a)(2)). Accordingly, the facts

---

[1] Defendants argue these questions are relevant to establish Mr. Englebrick's habit of methamphetamine use pursuant to Federal Rule of Evidence 406. The decision that these questions fall within the broad scope of discovery does not bear on whether or not habit evidence will be admissible at trial.

[2] As described in footnote 1, this has no bearing on District Judge Carney's ultimate admissibility decision.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

O

### CIVIL MINUTES - GENERAL

| Case No. | SACV 08-01296-CJC (MLGx) | Date | October 22, 2009 |
|----------|--------------------------|------|------------------|
| Title | Bradley Englebrick & Roxanne Hernandez v. Worthington Industries, Inc., et al. | | |

underlying the 2005 burglary conviction are relevant to the District Court's determination of its admissibility under FRE § 609(a)(2), and Defendants' motion to compel Plaintiff to testify to the facts underlying the 2005 burglary conviction is GRANTED.

In sum, the following portions of Defendants' motion to compel are GRANTED: Mr. Englebrick must answer questions regarding his use and possession of methamphetamine prior to October 28, 2004. He must answer questions regarding the underlying facts surrounding his 2001 convictions. Finally, Mr. Englebrick must answer questions about the facts underlying his 2005 burglary offense for the purpose of determining whether it involved an act of dishonesty or false statement. All other portions of Defendants' motion to compel are DENIED.

Initials of Clerk    _____ : _____

ts